WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur F Gerth,<br><br>   Plaintiff,<br><br>v.<br><br>Jonathan DeVries, et al.,<br><br>   Defendants. | No. CV-17-01980-PHX-DJH (ESW)<br><br>**ORDER** |

  Pending before the Court are Plaintiff's duplicative Motions to Compel (Docs. 109, 116). Plaintiff requests a Court order requiring Defendants to provide an unredacted copy of certain documentation that Defendants produced to Plaintiff in discovery. Plaintiff's Motions (Docs. 109, 116) will be denied.

  On November 27, 2017, the Court issued a Scheduling Order setting forth a procedure for resolving discovery disputes. (Doc. 13 at 3). In bold letters, the Court advised the parties that the Court will not consider a motion regarding discovery matters unless (i) the parties have attempted to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j) and (ii) the parties have participated in a discovery conference with the Court. The Scheduling Order set forth the requirements for filing a request for a discovery conference, and informed the parties that a request that does not comply with those requirements may be stricken. (*Id*.). Finally, the Court advised the parties in bold letters that a discovery motion that is

filed in noncompliance with the requirements set forth in the Scheduling Order may be stricken. (*Id*.). Plaintiff's Motions to Compel (Docs. 109, 116) do not comply with the requirements set forth in the Court's Scheduling Order. Moreover, as Defendants correctly observe (Doc. 125 at 1), Plaintiff filed his Motions to Compel nearly one year after the discovery deadline expired.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court is required to establish a schedule that sets pretrial deadlines. A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This is because "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation and internal quotations marks omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id*. Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. *Id*. at 609. If the movant "was not diligent, the inquiry should end." *Id.*

In addition, Ninth Circuit case law supports a district court's denial of a motion filed after the applicable scheduling order deadline on the ground that the movant did not request to modify the deadline. *Id*. at 608 ("Johnson did *not* specifically request that the court modify its scheduling order; he merely moved to amend his complaint. He points out that some courts have considered a motion to amend the complaint as a motion to amend the scheduling order and the court's denial of that motion a denial of a motion to amend the scheduling order. . . . We have suggested the contrary."); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (holding that a district court properly denied a motion as untimely where it was filed after the applicable scheduling order deadline and the movant "never requested a modification" of the scheduling order), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.,* 77 F.3d 1170 (9th Cir. 1996); *see also Dedge v. Kendrick*, 849 F.2d

1398, 1398 (11th Cir. 1988) (holding that a district court properly denied a motion as untimely where the motion was filed after the deadline set forth in the scheduling order and the movant did not request a modification of the scheduling order).

Here, the Court set April 25, 2018 as the discovery deadline. (Doc. 13 at 2). Plaintiff has not filed a motion requesting a modification of this deadline. Accordingly, Plaintiff's Motions to Compel (Docs. 109, 116) may be denied as untimely. *See Johnson*, 975 F.2d at 608; *U.S. Dominator, Inc.*, 768 F.2d at 1104. Even if Plaintiff's Motions to Compel (Docs. 109, 116) are construed as de facto motions to extend the discovery deadline, Plaintiff has not shown the requisite diligence justifying a modification of the Scheduling Order. *See, e.g., Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (plaintiff's four-month delay in seeking relief from dates in scheduling order evidenced lack of sufficient diligence to modify scheduling order deadlines).

Therefore, based on the foregoing,

**IT IS ORDERED** denying Plaintiff's Motions to Compel (Docs. 109, 116).

Dated this 10th day of May, 2019.

_____
Eileen S. Willett
United States Magistrate Judge